UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DEBORAH K. B.,[1] | Case No. 2:20-cv-01703-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Deborah K. B. ("Plaintiff") filed a Complaint on February 21, 2020, seeking review of the Commissioner's second denial of her application for disability insurance benefits ("DIB"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute on November 2, 2020. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.

# BACKGROUND

On November 22, 2013, Plaintiff filed for DIB, alleging disability starting July 11, 2012. AR 16, 169-171, 700. On December 7, 2015, after her application was denied (AR 111-15), Plaintiff, represented by counsel, appeared and testified before an Administrative Law Judge ("ALJ"), as did a medical expert ("ME") and a vocational expert ("VE"). AR 16, 49-60. On January 15, 2016, the ALJ issued a decision concluding that Plaintiff was not disabled. AR 16-24. The Appeals Council denied Plaintiff's request for review. AR 1-6.

Plaintiff filed a Complaint in this Court on July 26, 2017, seeking review of the Commissioner's decision. AR 756-58. On April 2, 2018, this Court issued a Memorandum Opinion and Order determining that the ALJ: (1) did not err in failing to include in the RFC a moderate mental limitation from a physician's opinion, and, even if there was error, it was harmless; but (2) erred by failing to provide legally sufficient reasons for discounting Plaintiff's subjective testimony. AR 767-84; Deborah K. B. v. Berryhill, 2018 WL 1631277, at *2-8 (C.D. Cal. Apr. 2, 2018). Accordingly, this Court reversed the decision of the Commissioner and remanded for further administrative proceedings, specifically directing the ALJ to reassess Plaintiff's subjective complaints, reassess the RFC, and proceed through the remaining steps of the sequential evaluation, if necessary. AR 784; Deborah K. B., 2018 WL 1631277 at *8.

On June 6, 2018, the Appeals Council vacated the final decision of the Commissioner and remanded to the ALJ for further administrative proceedings consistent with this Court's Order. AR 785-88.[2] The day before the scheduled remand hearing, counsel for Plaintiff informed the ALJ that Plaintiff would not

---

[2] The remand order also indicates that Plaintiff subsequently filed a duplicate DIB claim, and the matters were consolidated. AR 787; see also AR 720-21.

be able to attend, but indicated she wanted to proceed and authorized counsel to appear on her behalf. AR 903-08. On July 10, 2019, counsel appeared at the remand hearing, deemed Plaintiff a non-essential witness, and participated in the hearing. AR 700, 719. Two MEs and a VE testified. AR 700, 716-734.

On October 24, 2019, the ALJ issued a decision again finding Plaintiff was not disabled. AR 700-10. The ALJ found Plaintiff had acquired sufficient quarters of coverage to meet the insured status requirements of the Social Security Act ("SSA") through March 31, 2017. AR 703. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, July 11, 2012, through the date last insured, March 31, 2017. AR 703. The ALJ found Plaintiff had the severe impairments of "degenerative disc disease; pancreatitis secondary to alcohol abuse; and obesity." AR 703. The ALJ also found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and she had the residual functional capacity ("RFC") to perform sedentary work[3] except (AR 705):

> [S]he could sit for 1.5 hours and then needed 1-2 minutes to change position; could walk for only 20 minutes at a time; could never climb ladders, ropes, or scaffolds; could occasionally perform all other postural activities; could occasionally reach overhead and frequently reach in all other directions; could occasionally look up and frequently look down; and could never work at unprotected heights or around dangerous machinery.

---

[3] "Sedentary work" is: "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." See 20 C.F.R. § 404.1567(a); see also Marvin C. v. Berryhill, 2019 WL 1615239, at *3 (W.D. Wash. Apr. 16, 2019).

In comparing Plaintiff's RFC with the physical and mental demands of her past relevant work as a gambling cashier, and based on the VE's testimony, the ALJ found that through the date last insured Plaintiff remained capable of returning to that work. AR 709. Thus, the ALJ concluded Plaintiff was not under a "disability," as defined in the SSA, from the alleged onset date through the date last insured. AR 710.

The ALJ's remand decision became the final decision of the Commissioner because neither Plaintiff filed exceptions nor did the Appeals Council initiate review.[4] Dkt. No. 1 at 2; Jt. Stip. at 3.

## II.
## LEGAL STANDARDS

**A.      Standard of Review**

Under 42 U.S.C. § 405(g), this court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504

---

[4] When a federal court remands a case for further consideration, the ALJ's new decision becomes the final decision of the Commissioner after remand unless the Appeals Council assumes jurisdiction of the case. 20 C.F.R. §§ 404.983, 404.984(a). A claimant who disagrees with the ALJ's decision may file written exceptions with the Appeals Council within 30 days of the decision. 20 C.F.R. § 404.984(b)(1). If no exceptions are filed and the Appeals Council does not assume jurisdiction within 60 days of the decision, the ALJ's new decision becomes the final decision of the Commissioner after remand. 20 C.F.R. § 404.984(c), (d); see also Lopez-Frausto v. Saul, 2020 WL 6728196, at *3 (E.D. Cal. Nov. 16, 2020).

F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), superseded by regulation on other grounds.

      Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B.**      **The Five-Step Sequential Evaluation**

      When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Ford v. Saul, 950 F.3d 1141, 1148-49 (9th 2020); Molina, 674 F.3d at 1110.

      First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Molina, 674 F.3d at 1110. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's

impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from her impairments. See 20 C.F.R. § 404.1520(a)(4); Social Security Ruling ("SSR") 96-8p.

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she "actually" performed it when she worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See id. at 1099.

The claimant generally bears the burden at steps one through four to show she is disabled or meets the requirements to proceed to the next step and bears the ultimate burden to show she is disabled. See, e.g., Ford, 950 F.3d at 1148; Molina, 674 F.3d at 1110. However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

# III.
# DISCUSSION

The parties present two disputed issues (Jt. Stip. at 4):

<u>Issue No. 1</u>: Did the ALJ err by failing to find a severe mental impairment; and

<u>Issue No. 2</u>: Did the ALJ err by failing to properly consider and include mild mental limitations in the RFC.

**A.   Step-Two Determination**

In Issue 1, Plaintiff contends the ALJ erred by failing to find a severe mental impairment of anxiety disorder based on the ME's testimony that Plaintiff had "some ongoing anxiety," and Plaintiff's diagnosis and treatment for that disorder. Jt. Stip. at 5-9, 15-16 (citing 732-33).

**1.   Applicable Law**

At Step Two of the sequential evaluation, the ALJ determines whether the claimant has a severe, medically determinable impairment or combination of impairments that meets the durational requirement. <u>See</u> 20 C.F.R. § 404.1520(a)(4)(ii). In assessing severity, the ALJ must determine whether the claimant's medically determinable impairment or combinations of impairments significantly limits her ability to do basic work activities. <u>See</u> <u>Webb v. Barnhart</u>, 433 F.3d 683, 686 (9th Cir. 2005). Step two is a "de minimis screening device to dispose of groundless claims." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment or combination of impairments may be found "not severe <u>only if</u> the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." <u>Webb</u>, 433 F.3d at 686 (quoting <u>Smolen</u>, 80 F.3d at 1290). The ALJ "may find that a claimant lacks a medically severe impairment or combination of impairments only when [that] conclusion is 'clearly established by medical evidence.'" <u>Webb</u>, 433 F.3d at 687 (citation omitted). Harmless error analysis

applies to the Step Two determination. <u>Davenport v. Colvin</u>, 608 F. App'x 480, 481 (9th Cir. 2015); <u>Burch v. Barnhart</u>, 400 F.3d 676, 682 (9th Cir. 2005).

**2.    Analysis**

In the first decision, the ALJ considered Plaintiff's anxiety, but declined to find it or any other mental impairment severe at Step Two. AR 19. Nonetheless, the ALJ found Plaintiff had numerous severe physical impairments. AR 19. In remanding the case to the Agency, this Court noted that Plaintiff's claim had survived the Step Two threshold determination, and, in ordering remand, directed the ALJ to "reassess Plaintiff's subjective complaints and then reassess Plaintiff's RFC in light of the subjective symptom testimony and proceed through step four and step five, if necessary, to determine what work, if any, Plaintiff is capable of performing that exists in significant numbers." AR 784; <u>Deborah K. B.</u>, 2018 WL 1631277 at *8.

In the second decision, the ALJ noted that this Court "affirmatively found no error with respect to the decisional finding that [Plaintiff] had no 'severe' mental impairment(s)." AR 700. Nonetheless, the ALJ again found neither Plaintiff's anxiety nor any other mental impairments were severe, but found Plaintiff had numerous severe physical impairments. AR 703.:Plaintiff has twice survived the gatekeeping function of Step Two before the Agency. See <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1076 (9th Cir. 2007) (the Step Two finding is "merely a threshold determination" that "only raises a prima facie case of a disability"); <u>Hatch v. Berryhill</u>, 2018 WL 3039411, at *2-3 (W.D. Wash. Apr. 18, 2018) (rejecting argument that ALJ erred at Step Two because district court remanded for a hearing and re-evaluation of medical opinion evidence, not for a determination whether the ALJ properly considered and found all severe impairments). Accordingly, even assuming, without deciding, that the ALJ erred by not finding additional impairments to be severe, because "step two was decided in [Plaintiff]'s favor after both hearings[, sh]e could not

possibly have been prejudiced." <u>Buck v. Berryhill</u>, 869 F.3d 1040, 1049 (9th Cir. 2017); <u>Burch</u>, 400 F.3d at 682 (concluding that any error ALJ committed at Step Two was harmless where the step was resolved in claimant's favor); <u>Kemp v. Berryhill</u>, 2017 WL 3981195, at *5 (C.D. Cal. Sept. 8, 2017) (any error in declining to find mental impairments severe harmless because Step Two is the "gatekeeping" step, and ALJ continued the analysis).

For the reasons outlined above, the Court finds any error at Step Two was harmless.

**B.   Consideration of "Mild" Mental Limitations**

In Issue No. 2, Plaintiff contends that, "[a]ssuming arguendo that the finding of no-severe mental impairment is sustainable," the ALJ still erred by failing to include her mild mental limitations in the RFC. Jt. Stip. at 4, 16. Specifically, Plaintiff contends that the ALJ found she had the medically determinable mental impairment of depressive disorder, and found, but failed to properly consider and include in the RFC, Plaintiff's "mild" limitations in (1) understanding, remembering, or applying information; (2) concentrating, persisting, or maintaining pace; (3) interacting with others; and (4) adapting or managing herself. <u>Id.</u> at 4, 16-20, 22-23 (citing AR 704).

**1.   Applicable Law**

Paragraph B criteria are used to rate the severity of mental impairments at steps two and three of the sequential evaluation process, while the RFC is assessed between steps three and four. <u>See</u> 20 C.F.R. Pt. 404, Subpt. P, App. 1; 20 C.F.R. § 404.1520(a)(4); SSR 96-8p, 1996 WL 374184, at *4. An individual's RFC is "the <u>most</u> [she] can still do <u>despite</u> [her] limitations." 20 C.F.R. § 404.1545(a)(1) (emphasis added).

In setting the RFC, an ALJ must consider all relevant evidence, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition."

Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted); 20 C.F.R. § 404.1545(a)(1). However, an ALJ is not obligated to discuss "every piece of evidence" when interpreting the evidence and developing the record. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). Finally, the ALJ is not required to recite "magic words" or "incantations" in rejecting evidence. Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989). "A reviewing court [is] not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." Id.; Towne v. Berryhill, 717 F. App'x 705, 707 (9th Cir. 2017) (citing Batson v. Comm'r Soc. Sec. Admin., 359 F.3d at 1190, 1193 (9th Cir. 2004) (if the ALJ provides enough information that the reviewing court can draw reasonable inferences from the record in support of the ALJ's findings, then the ALJ's findings should be upheld)).

### 2. Analysis

The limitations Plaintiff cites appear in the ALJ's assessment of the Paragraph B criteria at Step Two. Jt. Stip. at 16 (citing AR 704). Contrary to Plaintiff's assertion (Jt. Stip. at 16, 18, 22), the ALJ did not find she had a "mild" limitation in understanding, remembering, or applying information; rather, the ALJ found "<u>no</u> limitation" in that criterion. AR 704 (emphasis added). Plaintiff shown the ALJ erred by failing to further discuss or include a nonexistent limitation in the RFC. See Robbins, 466 F.3d at 883; Howard, 341 F.3d at 1012; see also, e.g., Thompson v. Comm'r Soc. Sec. Admin., 2020 WL 2029253, at *3 (D. Ariz. Apr. 28, 2020) (ALJ did not err by failing to find nonexistent or mild mental limitations to be severe, or failing to include them in the RFC, where record does not suggest any additional limitations due to those impairments).

Regarding the remaining mild findings, Plaintiff has failed to show she is entitled to relief. At Step Two, the ALJ specifically considered depressive

disorder, and, although she did not find it severe, found in the Paragraph B criteria that Plaintiff was mildly limited in (1) interacting with others; (2) concentrating, persisting, or maintaining pace; and (3) adapting or managing herself. AR 704. The ALJ then acknowledged: "[t]he limitations identified in the 'paragraph B' criteria are not a[n RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental [RFC] assessment used at steps 4 and 5 . . . requires a more detailed assessment." AR 705. The ALJ concluded by stating that "the following [RFC] reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" and then assessed Plaintiff's RFC. AR 705. In assessing the RFC, the ALJ repeated that she considered "all symptoms." AR 705.

        Considering this exhaustive analysis and the ALJ's repeated statements that she did so, Plaintiff has failed to show that the ALJ did not consider her mental limitations, in particular her depressive disorder, in fashioning the RFC. See Hurter v. Astrue, 465 F. App'x 648, 652 (9th Cir. 2012) (although ALJ did not explicitly consider certain impairments, any error harmless because he stated that he had considered all symptoms in formulating RFC); Kemp, 2017 WL 3981195 at *5 (ALJ's finding – that "RFC assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" – signaled ALJ considered claimant's mental health issues in assessing RFC); Ball v. Colvin, 2015 WL 2345652, at *2-3 (C.D. Cal. May 15, 2015) (same); Buzby v. Astrue, 2013 WL 4807011, at *5 (D. Idaho Sept. 9, 2013) (same); Lualhati v. Astrue, 2010 WL 3001208, at *4 (N.D. Cal. July 29, 2010) (same); see also Duncan v. Berryhill, 2017 WL 6059140, at *6 (S.D. Cal. Dec. 7, 2017) (ALJ contrasted the "special technique" analysis with the "more detailed assessment" required for the RFC, indicating the ALJ's analysis of claimant's mental impairment was designed to address the RFC).

Further, Plaintiff has not shown that these mild mental limitations preclude work.[5] See, e.g., Hoopai, 499 F.3d 1071, 1077 (9th Cir. 2007) (explaining the Ninth Circuit has not "held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation."); Thompson, 2020 WL 2029253 at *3; Ball, 2015 WL 2345652 at *3 ("As the ALJ found that Plaintiff's mental impairments were minimal, the ALJ was not required to include them in Plaintiff's RFC."); Sisco v. Colvin, 2014 WL 2859187, at *7-8 (N.D. Cal. June 20, 2014) (ALJ not required to include in RFC assessment mental impairment that imposed "no significant functional limitations"). Plaintiff's argument that the mild limitations "call into question," and "may" impact, her ability to perform her past work, Jt. Stip. at 18-19, is not sufficient to demonstrate harmful error. See Molina, 674 F.3d at 1111; McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (as amended) ("Where harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm."); Robbins, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").

The Court finds that the ALJ did not err in her consideration of Plaintiff's mental limitations. Accordingly, reversal is not warranted.

/ / /

/ / /

/ / /

---

[5] As Defendant notes (Jt. Stip. at 20-21), this Court previously rejected Plaintiff's similar argument that a more restrictive, "moderate" mental limitation should have been included in the RFC, and distinguished one of the cases Plaintiff again relies on here, Hutton v. Astrue, 491 F. App'x 850 (9th Cir. 2012) (Jt. Stip. at 19, 22-23). AR 774-77; Deborah K. B., 2018 WL 1631277 at *2-4.

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: November 25, 2020

_____
JOHN D. EARLY
United States Magistrate Judge